UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER JORDAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:10-cv-0535-JMS-DML ) |
| WILLIAM PENN ELEMENTARY #49, et al. | ) ) |
| Defendants. | ) |

# Order Dismissing Claims Without Prejudice

On September 14, 2011, the Court ordered plaintiff Jennifer Jordan (f/k/a Jennifer Robbins) and the defendants to show cause, in writing and by October 3, 2011, why the remaining claims of Ms. Jordan should not be dismissed for lack of federal subject matter jurisdiction. Neither Ms. Jordan nor the defendants responded to the court's order.

This lawsuit was brought by Ms. Jordan on behalf of herself *and* on behalf of her minor child, H.R. Her child's claims, which sought relief for violations of federal rights under 42 U.S.C. § 1983 and other federal statutes, supplied the court with subject matter jurisdiction because of the federal questions they raised. Ms. Jordan's claims arise solely under state law and the court has to date exercised supplemental jurisdiction over them. On September 14, 2011, because of a settlement of H.R.'s claims, the court dismissed H.R.'s claims with prejudice. (Dkt. 41).

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state law claims when the court has dismissed all claims over which it had original jurisdiction. Ordinarily, the court should relinquish jurisdiction when all federal claims are dismissed before trial. *Taflinger v. U.S. Swimming, Inc.,* 2011 WL 35555579 at *2 (7th Cir.

Aug. 12, 2011). The court is not obliged to do so and must make a "considered determination" whether to hear the state law claims. *Id.* In making that determination, the court should evaluate whether "judicial economy, convenience, fairness, and comity" point toward declining to exercise jurisdiction and dismissing the state law claims without prejudice. *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988).

In this case, it appears that no action has been taken by either Ms. Jordan or the defendants to litigate her individual claims. Rather, all efforts were focused on H.R.'s claims, which the parties advised the court they had settled less than eight months after the suit's commencement. (*See* Order dated December 22, 2010). Those claims were not formally dismissed until September 2011 because of controversies regarding execution of the settlement documents. No motions practice has occurred regarding Ms. Jordan's claims, nor have substantial resources of the parties or the court been devoted to addressing her claims. Fairness or convenience concerns do not weigh in favor of maintaining jurisdiction. The other factors—judicial economy and comity—counsel heavily for allowing Ms. Jordan's state law claims to be heard in state court, should Ms. Jordan continue to pursue them.

That neither Ms. Jordan nor the defendants responded to the court's show cause order also points to the conclusion that this is not a close call and that the "ordinary" rule requiring relinquishment of jurisdiction over state law claims when federal claims are dismissed should prevail here.

The court had also ordered Ms. Jordan to show cause, if any, and no later than October 14, 2011, why the defendants she named as Jane Doe and Jane Roe should not be dismissed because they have not been served within 120 days of the commencement of this action, as required by Fed. R. Civ. P. 4(m). (Dkt. 44). She did not respond to that order. Because the

court declines to continue to exercise supplemental jurisdiction over Ms. Jordan's claims, it is unnecessary for the court to determine whether to dismiss Jane Doe or Jane Roe.

For the foregoing reasons, the court declines to continue to exercise supplemental jurisdiction over Ms. Jordan's claims. Her claims against all defendants are dismissed without prejudice for lack of subject matter jurisdiction.

No other claims remain in this case. It is therefore dismissed.

So ORDERED.

11/04/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

JENNIFER JORDAN
2720 Old State Rd. 37 North
Martinsville, IN 46151